IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW JOHN WAHOLEK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 20 - 01639 |
| | ) | District Judge Robert J. Colville |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| MELINDA L. ADAMS, *Superintendent*, and | ) | ECF No. 8 |
| RAY C. SNYDER, *FSM – 1,* | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

Andrew John Waholek ("Waholek") brings this *pro se* prisoner civil rights action and seeks compensatory and injunctive relief for the alleged violation of his First and Fourteenth Amendment rights during his incarceration at the State Correctional Institution at Mercer (SCI-Mercer"). Pending before the Court is Waholek's Motion for Injunctive Relief, requesting that the Court enter an order requiring SCI-Mercer officials to immediately supply him particularly described kosher meals. ECF No. 8. Because Waholek has been released from custody, albeit subject to parole, he is no longer at risk of any alleged immediate harm. Accordingly, it is respectfully recommended that the motion be denied as moot.

**II.  REPORT**

   **A.  FACTUAL AND PROCEDURAL BACKGROUND**

Waholek brings this *pro se* civil rights action under 43 U.S.C. § 1983, alleging that Defendants Melinda L. Adams, SCI-Mercer Superintendent, and Ray C. Snyder, SCI-Mercer Food Service Manager (collectively, "Defendants"), violated his right to the free exercise of religion

1

under the First Amendment and also denied fair and equal treatment as required by the Fourteenth Amendment by refusing him calorie-sufficient kosher meals.

The pending Motion for Injunctive Relief asks the Court to enter an Order requiring Defendants to provide him with "1 hot kosher meal a day either lunch, or dinner, not to be premade, or heated, and to contain either 8 oz of tuna which is kosher and non-expensive or 8 oz of [] kosher chicken not fowel or filler, and to include raw vegetables[,] fruit, and a baked potato, as is served at Passover for carbohydrates and needed starch." ECF No. 8.

On April 21, 2021, Plaintiff filed a Notice of Change of Address, indicating that he is no longer incarcerated at SCI-Mercer or in the custody of the Pennsylvania Department of Corrections. ECF No. 29.

B.     DISCUSSION

It is well established that preliminary injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (quoting American Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1427 (3d Cir. 1994)). In evaluating a request for preliminary injunctive relief, the movant must show "(1) a reasonable probability of eventual success in the litigation, and (2) that [he] will be irreparably injured ... if relief is not granted.... [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest." Reilly v. City of Harrisburg, 858 F.3d 173, 176 (3d Cir. 2017), *as amended* (June 26, 2017) (quoting Del. River Port Auth. v. Transamerican Trailer Transport, Inc., 501 F.2d 917, 919–20 (3d Cir. 1974) (citations omitted)).

In the context of correctional settings, requests for extraordinary injunctive relief are often rendered moot. Thus, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). The United States Court of Appeals for the Third Circuit has observed that, when addressing inmate requests for injunctive relief:

> As a preliminary matter, we must determine whether the inmates' claims are moot because "a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (quotations omitted); see also Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993). An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims. Abdul-Akbar, 4 F.3d at 197 (former inmate's claim that the prison library's legal resources were constitutionally inadequate was moot because plaintiff was released five months before trial).

Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003). See also Griffin v. Beard, 401 F. App'x 715 (3d Cir. Nov. 17, 2010)(transfer from SCI Huntingdon renders inmate injunctive relief claim moot). There is a limited exception to the mootness doctrine that applies only when "'(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable likelihood that the same complaining party would be subjected to the same action again.'" Griffin, 401 F. App'x at 716 (quoting Abdul–Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993). Here, Waholek fails to establish either element. Thus, in light of his release from state custody, the Court cannot grant the requested dietary changes and his claims for injunctive relief are moot.

C. **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the Motion for Injunction, ECF No. 8, be denied.

3

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

               Respectfully submitted,

               */s/ Maureen P. Kelly*
               MAUREEN P. KELLY
               UNITED STATES MAGISTRATE JUDGE

Dated: June 16, 2021

cc: The Honorable Robert J. Colville
   United States District Judge

   Andrew John Waholek
   ARK Serenity House
   195 St. Joseph St.
   Pittsburgh, PA 15210

   All counsel of record by Notice of Electronic Filing